IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DONNA LYNN KAIMI, #A0129979, | ) | CIV. NO. 13-00483 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | IN PART PURSUANT TO 28 U.S.C. |
| vs. | ) | §§ 1915A & 1915(e) |
| | ) | |
| STATE OF HAWAII, DEP'T OF | ) | |
| PUBLIC SAFETY, OAHU CMTY. | ) | |
| CORR. CENTER, MALIA | ) | |
| ANDERSON, KATEY MANUMA, | ) | |
| OAHU CMTY. CORR. CENTER | ) | |
| MEDICAL UNIT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT IN PART
## PURSUANT TO 28 U.S.C. §§ 1915A & 1915(e)

Before the court is pro se Plaintiff Donna Lynn Kaimi's prisoner civil

rights complaint brought pursuant to 42 U.S.C. § 1983.[1]  Plaintiff, presently

incarcerated at the Women's Community Correctional Center ("WCCC"), alleges

that Oahu Community Correctional Center ("OCCC") employees violated her

constitutional rights by assaulting her, failing to protect her from assault, and

denying or delaying appropriate medical treatment after the assault.  Plaintiff's

Complaint is dismissed in part for failure to state a claim pursuant to 28 U.S.C.

_____

[1] Plaintiff is proceeding in forma pauperis.

§ 1915A(b)(1) and § 1915(e)(2).  Plaintiff is given leave to amend, as discussed and limited below.  In the alternative, Plaintiff may rest on her claim that ACO Malia Anderson assaulted her, and that claim will be served.

## I. <u>BACKGROUND</u>

Plaintiff alleges that OCCC adult correctional officer ("ACO") Malia Anderson assaulted her in her upstairs cell with the cell door closed in April 2012. When [ACO] Anderson "escorted [Plaintiff] down the stairs," Plaintiff claims that she noticed ACO Katey Manuma speaking on her cell phone.  Compl., ECF No. 1, PageID #5.  Plaintiff says Manuma was so "engrossed" with her cell phone that she was "unaware of ACO Anderson's unnecessary & wanton infliction of force." *Id.* at PageID #6.  Once downstairs, Plaintiff claims that ACO Anderson slammed Plaintiff into the exit door and yelled "take this bitch to medical." *Id.* at PageID #5.

When Plaintiff arrived at the OCCC medical unit, she says a nurse removed her handcuffs, examined her, took her vital signs, and photographed her. The nurse gave Plaintiff Ibuprofen but denied her request to go to the hospital. Plaintiff says her eyes, wrists, knees, and thighs were bruised and swollen the next day.  An unidentified ACO allegedly denied Plaintiff's request to return to the

2

medical unit for more care and photos, but a "sick-call paraprofessional" came to Plaintiff's cell.  *Id.* at PageID #7.

Plaintiff names ACOs Anderson and Manuma, the State of Hawaii, the Department of Public Safety, and OCCC and its Medical Unit in individual and official capacities.  Plaintiff seeks compensatory and punitive damages, prospective injunctive relief,[2] and a transfer to the Federal Detention Center-Honolulu ("FDC-Honolulu").

## II.  LEGAL STANDARD

The court must screen all civil actions brought by prisoners relating to prison conditions and/or seeking redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a

---

[2] Plaintiff seeks ACO Anderson's dismissal and an injunction barring "State agents from using their cellular devices while on duty."  Compl. ECF No. 1, at PageID #8.

cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

The court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to construe pro se filings liberally").  Leave to amend should be granted unless it appears that amendment is futile.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### III. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show

'(1) that the conduct complained of was committed by a person acting under color

of state law; and (2) that the conduct deprived the plaintiff of a federal

constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir.

2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431

(2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A.      **State of Hawaii, Department of Public Safety, OCCC Medical Unit**

"It is clear, . . . that in the absence of consent a suit in which the State

or one of its agencies or departments is named as the defendant is proscribed by the

Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,

100 (1984).  "This jurisdictional bar applies regardless of the nature of the relief

sought." *Id.*; *Alabama v. Pugh*, 438 U.S. 781, 782  (1978) (holding that suit

against the State and its Board of Corrections is barred by the Eleventh

Amendment absent consent); *see also Cal. Franchise Tax Bd. v. Jackson* (*In re*

*Jackson*), 184 F.3d 1046, 1048 (9th Cir. 1999) (holding that the court may raise

Eleventh Amendment immunity sua sponte); *Lucas v. Dep't of Corr.*, 66 F.3d 245,

248 (9th Cir. 1995) (per curiam) (holding claims against the California Department

of Corrections were barred by state immunity); *Durning v. Citibank*, 950 F.2d

5

1419, 1422-23 (9th Cir. 1991) (noting that the Eleventh Amendment bars "federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant").

The Eleventh Amendment, however, does not bar suits seeking prospective injunctive relief against state officers sued in their official capacities. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997); *Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Pena v. Gardener*, 976 F.2d 469, 472 (9th Cir. 1992); *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). Nor does the Eleventh Amendment bar suits for violations of federal law against state officials sued in their individual capacities for damages. *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974).

Further, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir.1997). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71 (citations omitted). Eleventh Amendment immunity is therefore consistent with the general rule that "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons'

6

under § 1983." *Lawrence Livermore Nat'l Lab.*, 131 F.3d at 839 (citing *Will*, 491 U.S. at 71).

The State of Hawaii has not waived its immunity to suit in federal court and the Department of Public Safety, OCCC and its medical unit are agencies of the State.  Nor are they considered persons under § 1983.  Plaintiff's claims against the State of Hawaii, the Department of Public Safety, and OCCC and its medical unit are barred by the Eleventh Amendment, fail to state a claim under § 1983, and are DISMISSED.

The Eleventh Amendment does not, however, preclude Plaintiff's claims for prospective injunctive relief against ACOs Anderson and Manuma or unidentified OCC medical unit personnel to the extent they are sued in their official capacities, or Plaintiff's claims for damages against these individual Defendants to the extent they are sued in their individual capacities.  *See Coeur d'Alene Tribe of Idaho*, 521 U.S. at 269; *Ex Parte Young*, 209 U.S. 123; *see Hafer v. Melo*, 502 U.S. 21, 27, 31 (1991) (stating suits against state officials in their official capacity should be treated as suits against the State).  The court therefore proceeds to address whether Plaintiff has asserted a plausible claim against any of these remaining Defendants.

**B.    Plaintiff's Eighth Amendment Claims**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To comply with the Eighth Amendment, prison officials must provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment protects prisoners from the use of excessive physical force by prison officials, regardless of whether they are seriously injured. *Wilkins v. Gaddy*,  599 U.S. 34, 37 (2010).

To state an Eighth Amendment violation for the failure to protect from harm or the delay or denial of medical care, a prisoner must allege that the deprivation was sufficiently serious and the prison official acted with deliberate indifference to her health or safety. *Id.*; *Farmer*, 511 U.S. at 834. To exhibit deliberate indifference, prison officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* must draw that inference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

*1.    ACO Anderson*

Plaintiff's claim that ACO Malia Anderson assaulted her sufficiently states a claim under the Eighth Amendment and shall proceed.

8

## 2.    *ACO Manuma*

Plaintiff states that ACO Manuma was downstairs when ACO Anderson closed Plaintiff's cell door and allegedly attacked her.  Plaintiff says that the closed cell door "isolated" the attack, and that ACO Manuma was "unaware" of the attack.  Compl., ECF No. 1, at PageID #6.  Plaintiff admits that she was immediately taken to the OCCC medical unit when she came downstairs and she first noticed that ACO Manuma was on her cell phone.  Plaintiff nonetheless claims that ACO Manuma "failed to render aide [sic] and call for security backup." *Id.*

Plaintiff's statements make clear that ACO Manuma did *not* know of a substantial risk of serious harm to Plaintiff, did not draw that inference, and did not act with deliberate indifference to Plaintiff's safety.  *See Toguchi*, 391 F.3d at 1057.  Further, Plaintiff's allegations that ACO Manuma failed to call for security backup are conclusory.  Plaintiff does not know who Manuma was speaking with on her cell phone and backup appears to have been unnecessary because Plaintiff was handcuffed when she was escorted downstairs by ACO Anderson and a trainee guard.  Plaintiff's statements do not allow the court to reasonably infer that ACO Manuma violated Plaintiff's Eighth Amendment rights.  *See Iqbal*, 556 U.S. at 678.  Plaintiff's claims against ACO Manuma are DISMISSED with leave to amend.

### 3. *Unidentified OCCC Medical Unit Personnel*

Prison officials are deliberately indifferent when they "deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison medical personnel over the necessity for or extent of medical treatment amount to a constitutional violation.  *See, e.g.*, *Toguchi*, 391 F.3d at 1058.  Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, rises to the level of a constitutional violation.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff fails to allege facts against the unidentified OCCC nurses or medical personnel that implicate the Eighth Amendment.  *See Toguchi*, 391 F.3d at 1058.  The first nurse examined Plaintiff, photographed her injuries, and provided her with pain medication.  Although Plaintiff preferred to be taken to the hospital, the nurse determined this was unnecessary.  Another medical worker came to Plaintiff's cell the next day after Plaintiff complained about her bruises.  Plaintiff's disagreement with OCCC medical personnel regarding the need for treatment at the hospital does not impact the Eighth Amendment.  Plaintiff's Eighth Amendment

claims against unidentified OCCC medical personnel are DISMISSED with leave

to amend.

## IV.  <u>LEAVE TO AMEND</u>

Plaintiff's Complaint is DISMISSED IN PART.  Plaintiff may file an

amended complaint on or before November 12, 2013, curing the specific

deficiencies noted above.

In the alternative, Plaintiff may elect to proceed with the present

Complaint on her claim that ACO Malia Anderson assaulted her.  Plaintiff should

notify the court on or before November 12, 2013, if Plaintiff elects to rest on her

claims against ACO Anderson.  If Plaintiff fails to timely file an amended

complaint or notify the court of her intent, the court will nonetheless order service

of her Complaint on ACO Malia Anderson only, and the remaining claims will be

dismissed.

If Plaintiff elects to file an amended complaint, it must contain short,

plain statements explaining how Defendants violated her rights in light of the

court's discussion.  Plaintiff is reminded that an amended complaint's allegations

may not "contradict[] any of the allegations of [the] original complaint."  *Reddy v.*

*Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).  That is, an amended

complaint cannot allege facts inconsistent with the challenged pleading.  *Id.* at

296-97.

The amended complaint must designate that it is the "First Amended

Complaint," and must be retyped or rewritten in its entirety on court-approved

forms; it may not incorporate any part of the original Complaint by reference.

*Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).  Claims that are dismissed

herein without leave to amend need not be repled in the amended complaint to

preserve them for appeal.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928

(9th Cir. 2012).  However, "claims that have been dismissed with leave to amend

and are not repled in the amended complaint will be considered waived."  *Id.* at

928.

## V.  <u>CONCLUSION</u>

1.  The Complaint is DISMISSED IN PART for Plaintiff's failure to

state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Specifically,

Plaintiff's claims against the State of Hawaii, the Department of Public Safety, the

Oahu Community Correctional Center and its medical unit are DISMISSED with

prejudice.  Plaintiff's claim against Defendant ACO Katey Manuma and

unidentified medical personnel are DISMISSED with leave to amend.  Plaintiff's

claim alleging that Defendant ACO Malia Anderson assaulted her states a claim

and may proceed.  This Eighth Amendment claims seeks injunctive relief against ACO Anderson in her official capacity and damages against her in her individual capacity.

2.  Plaintiff is granted leave to file an amended complaint on or before November 12, 2013, in compliance with this Order.  In the alternative, Plaintiff may elect to stand on her Eighth Amendment claim against Defendant ACO Malia Anderson.  If Plaintiff chooses to stand on her claims in this Complaint and fails to notify the court of her decision or to file a timely amended complaint, the court will order her claim against ACO Anderson served.

3.  The Clerk of Court is DIRECTED to forward a copy of the court's prisoner civil rights complaint and instructions to Plaintiff so that she may comply with this order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 10, 2013.



   /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kaimi v. Hawaii, et al.*, 1:13-cv-00483 JMS/BMK;G:\docs\prose attys\Scrng\DMP\2013\Kaimi 13-483 jms (dsm lv amd 8th amd, DPS, OCCC imp. d's).wpd